IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| KEVIN C. BRATHWAITE, | ) |  |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 10-646-GMS |
| | ) | |
| DEPUTY WARDEN CHRISTOPHER KLEIN, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

### I. INTRODUCTION

The plaintiff, Kevin C. Brathwaite ("Brathwaite"), a prisoner housed at the James T. Vaughn Center, Smyrna, Delaware filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and was granted leave to proceed *in forma pauperis*. (D.I. 6.) He raises excessive force and medical needs claims. All other claims were dismissed in the court's December 8, 2010 order. (*See* D.I. 11.) Pending before the court are several motions filed by Brathwaite including discovery motions, request for counsel, motion to amend, motion for injunctive relief, and motion for relief pursuant to Fed. R. Civ. P. 60(b). (D.I. 34, 39, 41, 59, 62, 79.)

### II. DISCOVERY MOTIONS

The court will deny as moot Brathwaite's request for discovery, docketed as a motion for discovery. (D.I. 34.) Defendants timely responded to the request. (*See* D.I. 36, 37, 38.)

On June 27, 2011, Brathwaite filed a motion to compel the medical defendants to respond to discovery requests. (D.I. 41.) Brathwaite filed the motion after he sought documents from the medical defendants who indicated in their discovery responses that the documents at issue were

in the custody and control of the Department of Correction ("DOC") defendants. (D.I. 42.) Upon viewing the record, it appears that Brathwaite had been provided the discovery he requested. Therefore, the court will deny as moot the motion to compel.

## III. REQUEST FOR COUNSEL

Brathwaite requests counsel to assist him with discovery. (D.I. 39.) A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, representation by counsel may be appropriate under certain circumstances, if the court finds that Brathwaite's claims have arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

The court considers a number of factors when assessing a request for counsel, including: (1) Brathwaite's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Brathwaite to pursue investigation; (4) Brathwaite's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron v. Grace*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

Upon consideration of the record, the court is not persuaded that the request for counsel is warranted at this time. In reviewing the record, to date Brathwaite has ably represented himself. In addition, there is no evidence that prejudice will result in the absence of counsel. More importantly, should the need for counsel arise later, the court may revisit the issue. Therefore, the court will deny without prejudice to renew the request for counsel. (D.I. 39.)

## IV. MOTION TO AMEND

Brathwaite moves to amend the complaint to add claims against the defendants Deputy Warden Christopher Klein ("Klein") and Dr. Desrosiers ("Dr. Desrosiers"). (D.I. 59.) The defendants did not respond to the motion. Brathwaite indicates that the claims have been brought to the court's attention by way of his motions for injunctive relief.

Brathwaite's proposed amendments includes: (1) a medical needs claim against Dr. Desrosiers who, after examining Brathwaite, would not refer him to a "real eye doctor"; (2) a claim against Klein and Dr. Desrosiers who, after being served in the instant case, would not allow Brathwaite to take possession of a firm mattress after it had been ordered by a back pain specialist and received at the prison; and (3) a claim against Klein for not allowing Brathwaite to shave daily.

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b), whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that court should freely give leave to amend when justice so requires.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith

or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

Brathwaite will be allowed to amend his complaint to add the claim against Klein and Dr. Desrosiers that they would not allow Brathwaite to take possession of a firm mattress after being served with process in the instant case. As to the remaining claims, amendment is futile.

Dr. Desrosiers provided Brathwaite treatment for his eye condition, albeit not to his liking, and would not refer Brathwaite to an eye specialist. *See Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (not published) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000) ("[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable.). The shaving claim was thoroughly addressed by the court in its October 17, 2011 memorandum order. (D.I. 66.) The court noted that exhibits Brathwaite submitted to the court did not demonstrate the likelihood of success on the merits and, further, that Brathwaite had received, and continued to receive, care for his medical condition and that condition is monitored.

For the reasons discussed above, the motion to amend is granted in part and denied in part. Brathwaite shall file an amended complaint incorporating the allowed claim within the time-frame set forth in the accompanying order. Brathwaite is forewarned, that he may not add any other claims other than the one for which leave is granted. Should additional claims be included in the amended complaint, it will be stricken and the case will proceed as if leave to amend had not been granted.

## V. MOTION FOR INJUNCTIVE RELIEF

Brathwaite seeks an order for the defendants to provide him a firmer mattress and to allow him to shave daily. (D.I. 62, 65.) The defendants oppose the motion and provided the court with affidavits of Deputy Warden Christopher Klein and nurse Tracy Wilkins. (D.I. 68, 69.)

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg,* 322 F. App'x 169, 170 (3d Cir. 2009) (not published) (citing *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995)).

Brathwaite previously sought, and was denied, injunctive relief with regard to the shaving issue. Brathwaite grieved the shaving, and ultimately requested he be allowed to visit

5

the barber twice weekly, but it has been determined that his request was not medically necessary. After reviewing the prior motion, the current motion and exhibits, and the explanation of the grievance finding, the court concludes that the facts have not changed and, with regard to the shaving issue, injunctive relief is not appropriate.

Brathwaite also seeks a new mattress on the basis that he has a back condition and the foam padded mattress is inadequate. Brathwaite states that a back specialist ordered a special mattress, but the defendants refused to allow him to take possession of the firmer mattress. According to the defendants, there are no prison medical records or orders that support Brathwaite's claim for a different or firmer mattress. (*See* D.I. 68, ex. A Christopher Klein aff.) Brathwaite provided no records to support his position but indicated in a separate motion that said records existed and the court ordered production of the records.

Contrary to this position and, following the court order, the defendants produced medical records from a consulting physician dated August 30, 2010, that state as follows: "Recommend pt. have a more firm mattress due to disc herniation. Do not recommend surgery at this time. Surgery should be considered as a last resort. Return PRN. discussed with IM on 10/12/10." (D.I. 74, ex. A.) Correct Care Solutions ("CCS") March 9, 2011 progress notes state, "discussed medical problem = back problem with Dr. DuShuttle Ortho today specifically his recommendation for a "firm mattress." I described to Dr. DuShuttle the sleeping accommodation here = 3-4 inch foam on metal board. He feels this is definitely firm enough and would not recommend a change or addition." (*Id.* at ex. B.)

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d at 138-140. An inmate's claims

6

against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

The court finds that the evidence before the court fails to demonstrate Brathwaite's likelihood of success on the merits as to the mattress issue. Notably, medical personnel determined that the current sleeping accommodations is medically acceptable. Moreover, there is no indication that, at the present time, Brathwaite is in danger of suffering irreparable harm. Accordingly, based upon the foregoing analysis, Brathwaite's motion for a temporary restraining order is **denied**. (D.I. 62, 65.)

## VI. MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 60(b)

On December 8, 2010, the court screened Brathwaite's complaint and its amendment pursuant to 28 U.S.C. § 1915 and § 1915A and dismissed as frivolous the classification/housing assignment due process claims, the employment claim, and the conditions of confinement claim. (D.I. 11.) Brathwaite recently moved for relief from judgment pursuant to Fed. R. Civ. P. 60(b). (D.I. 79, 87.) He seeks reinstatement of the due process and classification issues and wishes to conduct discovery on the issues.

Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc., v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

Brathwaite does not indicate under what section of Rule 60(b) he proceeds, but he appears to contend that the court erred when it dismissed his due process and classifications claims. The Third Circuit has not yet decided whether legal error may be characterized as "mistake" within the meaning of Rule 60(b)(1). *Bernheim v. Jacobs*, 144 F. App'x 218, 221, 223 (3d Cir. 2005) (not published). However, legal error, without more, cannot justify granting a Rule 60(b) motion. *See Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988); *see also Ibarra v. W.Q.S.U. Radio Broad. Org.*, 218 F. App'x 169, 170 (3d Cir. 2007) (not published); *Peterson v. Brooks*, 2007 WL 2306589, at *4 (E.D. Pa. Aug. 9, 2007) ("Petitioner's first argument - that the Court erred in ruling that petitioner's claims were procedurally defaulted - is not properly construed as a 'mistake' under Rule 60(b)(1), or as ground for relief under Rule 60(b)(6).").

In addition, Brathwaite's motion fails to the extent that he seeks reconsideration of the December 8, 2010 opinion and order. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion .

. . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

Brathwaite has failed to demonstrate any of the aforementioned grounds to warrant a reconsideration of the court's December 8, 2010 opinion and order dismissing the due process and classification claims. (*See* D.I. 11.)

## VII. CONCLUSION

For the above reasons, the court will deny as moot the discovery motions, deny without prejudice to renew the request for counsel, grant in part and deny in part the motion to amend, deny the motion for injunctive relief, and deny the motion for relief pursuant to Fed. R. Civ. P. 60(b). (D.I. 34, 39, 41, 59, 62, 79.) Brathwaite will be given leave to file an amended complaint consistent with this memorandum.

An appropriate order will be issued.

CHIEF, UNITED STATES DISTRICT JUDGE

Dec 28, 2011
Wilmington, Delaware

9