IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN C. BRATHWAITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-646-GMS |
| | ) |
| DEPUTY WARDEN CHRISTOPHER KLEIN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington, this 23rd day of Feb, 2012;

The plaintiff, Kevin C. Brathwaite ("Brathwaite"), a prisoner housed at the James T. Vaughn Center, Smyrna, Delaware filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and was granted leave to proceed *in forma pauperis*. (D.I. 6.) Pending before the court is Brathwaite's third motion for injunctive relief. (D.I. 109, 110.) Brathwaite raises issues regarding the administration of medication. The defendants oppose the motion and provided the court with affidavit of James C. Welch, Bureau Chief for the Bureau of Healthcare Services. (D.I. 112, 113, 114.)

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the

intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg,* 322 F. App'x 169, 170 (3d Cir. 2009) (not published) (citing *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995)).

Brathwaite asserts that the medical defendants stopped allowing nurses to show him medications administered to him before they are crushed into powder. Brathwaite contends that the policy was changed so that he would refuse his medication. In addition, he contends that nurses administered the wrong medication on two separate occasions. Defendants oppose the motion on the grounds that Brathwaite has presented no evidence to support his position. In addition, medical records indicate that Brathwaite is administered his prescribed medication. (*See* D.I. 114, Welch Declaration.)

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley,* 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble,* 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Here, Brathwaite disagrees with the change in policy that does not allow him to observe the crushing of his medication before it is administered. There is, however, no indication that, at the present time, he is in danger of suffering irreparable harm. Moreover, Brathwaite has failed to provide evidence that demonstrates the likelihood of success on the merits.

For the above reasons, Brathwaite's motion for a temporary restraining order is **denied**.

(D.I. 109, 110.)

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　CHIEF, UNITED STATES DISTRICT JUDGE