IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN C. BRATHWAITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-646-GMS |
| | ) |
| DEPUTY WARDEN CHRISTOPHER KLEIN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

The plaintiff, Kevin C. Brathwaite ("Brathwaite"), who appears *pro se*, is an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware. Brathwaite sought injunctive relief to order the defendants to allow him to properly maintain the hygiene necessary to prevent a facial infection. On October 17, 2011, the court denied Brathwaite's motion for injunctive relief. (D.I. 66.) Now before the court is Brathwaite's moton for relief from judgment pursuant to Fed. R. Civ. P. 60(b) construed as a motion for reconsideration. (D.I. 88.)

The standard for obtaining relief under Rule 59(e) is difficult for Brathwaite to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request

that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F.Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Brathwaite seeks reconsideration on the grounds that shaving with barber clippers is not a security issue and that grievances he filed were upheld in his favor. Medical records he submitted dated November 21 and 22, 2011, indicate that the physician spoke to a dermatologist about Brathwaite's condition and was told that "it is better to keep [the] beard on the long side." Medical saw no sign of infection.

In considering Brathwaite's position, the court finds that he has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's October 17, 2011 order denying his motion for injunctive relief. His most recent medical records do not indicate that, at the present time, Brathwaite is in danger of suffering irreparable harm. For the above reasons, the court will deny the motion for reconsideration.

NOW THEREFORE, at Wilmington this 28th day of March, 2012, IT IS HEREBY ORDERED that the motion for reconsideration is **denied**. (D.I. 88.)

CHIEF, UNITED STATES DISTRICT JUDGE

2