IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN C. BRATHWAITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-646-GMS |
| | ) |
| DEPUTY WARDEN CHRISTOPHER KLEIN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I. Introduction**

The plaintiff, Kevin C. Brathwaite ("Brathwaite"), a prisoner incarcerated at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed a complaint pursuant to 42 U.S.C. § 1983. Pending before the court is Brathwaite' motion for injunctive relief for the return of legal property and the defendants responses thereto. (D.I. 145, 149, 150, 152.)

**II. Standard of Review**

"A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

## III. Discussion

Brathwaite has three active cases that he is attempting to litigate. In addition, he plans to file a petition for post-conviction relief. Prison regulations allow inmates a maximum of three cardboard boxes and all possessions, including legal material, must fit into the maximum of three cardboard boxes. (*See* Inmate Housing Rules and Reference Guide, effective Feb. 20, 2013.) According to Brathwaite, on August 15, 2012, there was a "shakedown" of his cell and his legal work and exhibits were confiscated. On August 16, 2013, some of the items taken were returned. On August 19, 2013, officers returned to Brathwaite's cell and confiscated all legal work and exhibits. The material had not been returned as of August 31, 2013. Brathwaite seeks the immediate return of the materials so that he can exercise his right to access the courts.

According to the defendants, on August 16, 2013, Brathwaite's cell was searched and it was determined that he was in possession of an excessive amount of paperwork, totaling seven boxes. The material included documents belonging to other inmates as well as non-dangerous contraband. Brathwaite was ordered to consolidate his paperwork to fit into three boxes. The officers returned on August 19, 2013, to retrieve four of the seven boxes. At the time, Brathwaite told the officers that he needed all seven boxes, and if he could not have all seven boxes, then he did not want any of it, and he would let the courts decide the issue. All seven boxes were taken and secured. Brathwaite was issued a disciplinary report and found guilty of promoting prison contraband, creating a health, safety or fire hazard, possession of nondangerous contraband, and unauthorized communication. On September 4, 2013, Brathwaite was again offered the opportunity to reduce his material to the allowable three boxes.

2

Prisoners must be allowed "adequate, effective and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law libraries or direct legal assistance). "Many courts have found a cause of action for violation of the right of access stated where it was alleged that prison officials confiscated and/or destroyed legal materials." *Zilich v. Lucht*, 981 F.2d 694, 695 (3d Cir. 1992) (citations omitted). However, a violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access.[1] The actual injury requirement is a constitutional prerequisite to suit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court").

This district has previously determined that the prison regulation limiting the number of boxes of personal effects an inmates can keep in his cells is reasonably related to legitimate penological objectives as the regulation promotes fire safety, limits access to contraband and clutter, and inmates have access to the prison's law library. *See Howard v. Snyder*, 389 F. Supp. 2d 589 (D. Del. 2005). It is evident from the pleadings that Brathwaite was afforded an opportunity to go through his legal documents, but he refused to pare down the documents to comply with prison regulations. In addition, while Brathwaite has three pending lawsuits, his motion does not support a finding that the confiscation of documents caused him actual injury as is required for an access to the courts claim. The facts provided the court lead to the conclusion

---

[1] An actual injury is shown only where a nonfrivolous, arguable claim is lost. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

3

that Brathwaite cannot succeed on the merits of his motion. Further, Brathwaite has not met his burden to show that granting the injunction will not result in irreparable harm to the defendants or that granting the injunction is in the public interest. Indeed, Brathwaite's request goes directly to the manner in which the Delaware Department of Correction operates it prison, and an injunction would substantially harm the defendants. *See Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997). Finally, granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of its prison system. *Id.*

Brathwaite has not demonstrated the likelihood of success on the merits. Additionally, he failed to demonstrate that granting the injunction will not result in irreparable harm to the defendant and that granting the injunction is in the public interest. Therefore, the court will deny his motion.

## IV. Conclusion

For the reasons stated, the court finds that Brathwaite is not entitled to injunctive relief and the motion for injunctive relief will be denied. (D.I. 145.)

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Sep 24, 2013
Wilmington, Delaware