IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN C. BRATHWAITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-646-GMS |
| | ) |
| DEPUTY WARDEN CHRISTOPHER | ) |
| KLEIN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 17th day of March, 2014,

## I. INTRODUCTION

The plaintiff, Kevin C. Brathwaite ("Brathwaite"), a prisoner housed at the James T. Vaughn Center, Smyrna, Delaware filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and was granted leave to proceed *in forma pauperis*. (D.I. 6.) Pending before the court is Brathwaite's motion for injunctive relief wherein he alleges violations of his right to equal protection and right to free speech. (D.I. 184.) Brathwaite asserts that he has been unlawfully housed in the Security Housing Unit ("SHU") and that he is wrongfully classification as a result of retaliation by prison personnel. The defendants oppose the motion. (D.I. 190. 190.)

## II. STANDARD OF REVIEW

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and

(4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

## III. DISCUSSION

Brathwaite contends that he has been subjected to retaliation which resulted in his continued SHU housing assignment and a wrongful prison classification. The court notes that motion complains of acts that occurred in 2013 and 2014, and not the time-frame complained of in the original complaint filed in 2010.

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990). It has long been established that the First Amendment bars retaliation for protected speech. *See Crawford-El v. Britton*, 523 U.S. 574, 592 (1998); *Milhouse v. Carlson*, 652 F.2d 371, 373-74 (3d Cir. 1981). Proof of a retaliation claim requires plaintiff demonstrate that: (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor;

2

and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002) (citing *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *see also Allah v. Seiverling*, 229 F.3d 220 (3d Cir. 2000) (a factfinder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted)). The causation element requires a plaintiff to prove either: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007); *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 503-04 (3d Cir. 1997).

The court finds that Brathwaite's claim of retaliation is conclusory and not supported by the evidence he submitted to the court with his motion. In addition, upon review of the allegations made by Brathwaite, the court concludes that he has not demonstrated the likelihood of success on the merits. As is well-established, prison officials have discretion to house inmates at the facilities they choose. *Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003)); *see also Olim v. Wakinekona*, 461 U.S. 238, 251 (1983) (an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state.) Nor do inmates have a "legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Notably, Brathwaite attempted to raise a similar claim when he initiated this action, and it was dismissed as frivolous. (D.I. 11.)

3

Brathwaite has not produced evidence of irreparable harm. Nor does the record support a likelihood of success on the merits. Inasmuch as he has failed to demonstrate the necessary requisites for injunctive relief, Brathwaite's motion will be denied.

## IV. CONCLUSION

For the above reasons, the court **denies** Brathwaite's motion for injunctive relief. (D.I. 184.)

_____
CHIEF UNITED STATES DISTRICT JUDGE