IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KEVIN C. BRATHWAITE,

    *Plaintiff*,

  v.

    No. 10-cv-646-SB

WARDEN PERRY PHELPS, ET AL.,

    *Defendants*.

---

Timothy Devlin, James M. Lennon, DEVLIN LAW FIRM LLC, Wilmington, Delaware.

    *Counsel for Plaintiff*.

Kenneth Lee-Kay Wan, Stephen M. Ferguson, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware.

    *Counsel for Defendants*.

---

## MEMORANDUM OPINION

February 4, 2021

BIBAS, *Circuit Judge*, sitting by designation:

Kevin Brathwaite alleges that Delaware prison officials violated due process by keeping him in a high-security unit for seven years without review. Two of the officials seek dismissal because Brathwaite did not allege that they were personally involved in this violation. The other defendants argue that some of the allegations are time-barred. I will grant the first motion but deny the second.

## I. BACKGROUND

### A. Facts

On this motion to dismiss, I take the following facts as true: Kevin C. Brathwaite is an inmate at the James T. Vaughn Correctional Center. Compl., D.I. 2. From 2004 to 2010, he lived in the prison's Security Housing Unit, its maximum-security facility. *Id.* at 1. Under the prison's point system, inmates with a certain number of points must stay in the Unit. But they can become eligible for general-population housing by lowering their points to twelve or fewer by completing treatment, education, or work programs. *Id.* at 8–9. Prisoners are supposed to receive an annual hearing and a monthly review to decide where they should be placed. *Id.* at 1–2. Even though he completed every program four times, Brathwaite was kept in the Unit. *Id.* at 9. When he filed the complaint, while he was still in the Unit, Brathwaite had only seven points. *Id.* Yet he had never received his required annual hearing or any monthly review. *Id.* at 1–2.

Brathwaite charges Warden Perry Phelps, Deputy Warden David Pierce, and Major James Scarborough with having "refus[ed] to allow the counselors to give him a proper

classification hearing." *Id.* at 2. He also claims that classification officers Linda Kemp and Larry Savage failed to ensure that he got these hearings. Am. Compl. 1–2, D.I. 9.

In August 2010, Brathwaite sued these prison officials, among others, under 42 U.S.C. § 1983. Compl., D.I. 2. He claimed that they violated his due-process rights by placing him in the Unit for years without review and by mistakenly transferring him to a place called the "hole" in 2008. *Id.* at 2, 5–6. (He was released from the "hole" twelve days later. *Id.* at 5–6.) He also raised Eighth Amendment claims, alleging excessive force and deliberate indifference to his medical needs. *Id.* at 6–7; Second Am. Compl. 14, D.I. 10.

**B. Procedural history**

The District Court dismissed Brathwaite's due-process claim as frivolous. D.I. 11, at 6–9. It concluded that the short time he was confined to the "hole" was not an atypical and significant hardship in relation to other prison conditions. *Id.* at 8. Thus, he did not allege that he was deprived of a legally cognizable liberty interest. *Id.* The court let some of his Eighth Amendment claims proceed to discovery. *Id.* at 12. After discovery, it granted summary judgment for the prison officials. D.I. 200, at 3.

The Court of Appeals vacated the dismissal of the due-process claim. D.I. 210, at 13. It explained that the District Court had failed to consider Brathwaite's seven years in the Unit without review. D.I. 10, at 8. Seven years' confinement is certainly "atypical." So it remanded for the District Court to determine whether his confinement there imposed significant hardship and, if so, whether prison officials violated his liberty interest by failing to provide any review. *Id.* at 8–9. The Court of Appeals also vacated the grant of summary

3

judgment on some of the Eighth Amendment claims. *Id.* at 13. The parties later stipulated to dismiss these claims. D.I. 227, at 3 n.1; D.I. 228, at 4.

The case has been reassigned to me. The only remaining claim is the alleged due-process violation stemming from Brathwaite's years in the Unit. Defendants Christopher Klein and Marcello Rispoli seek dismissal on the ground that Brathwaite has not alleged that they were personally involved in this violation. D.I. 227, at 1–2. The other defendants ask that the claims arising before August 2, 2008 be dismissed because they are time-barred. *Id.* at 2.

## II. DEFENDANTS KLEIN AND RISPOLI MUST BE DISMISSED BECAUSE THEY WERE NOT PERSONALLY INVOLVED

I will dismiss Klein and Rispoli. A defendant in a § 1983 suit "must have personal involvement in the alleged wrongs to be liable." *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)) (internal quotation marks omitted). So the plaintiff must allege that the defendant participated in or approved the constitutional violation. *See C.H. ex rel. Z.H. v. Olivia*, 226 F.3d 198, 201 (3d Cir. 2000). Brathwaite did not do so for Klein and Rispoli.

The complaint mentions Klein only in connection with the Eighth Amendment excessive-force claim. *See* Compl. 6–7, D.I. 2. Brathwaite did not appeal the District Court's grant of summary judgment on that claim, so he waived it. D.I. 211, at 1–2 n.1. The complaint points to Rispoli as the official responsible for the mistaken "hole" transfer. Compl. 5, D.I. 2. But while this allegation was part of the initial due-process claim, the Court of Appeals accepted the District Court's conclusion that Brathwaite did not have a protected

interest in avoiding twelve days in the hole. *See* D.I. 210, at 5, 8. So the claim no longer involves Rispoli.

Brathwaite argues that his complaint *implies* that Klein and Rispoli took part. D.I. 228, at 7. It states that "[t]he Warden and his designees" failed to review his confinement to the Unit each month as required. Compl. 1–2, D.I. 2. The reference to the warden and his designees supposedly includes Klein (as warden) and Rispoli (as designee). D.I. 228, at 7.

Not so. Right after that sentence, the complaint names specific officials: Warden Phelps, Deputy Warden Pierce, and Major Scarborough. Compl. 2, D.I. 2. It is clear that Phelps is the warden in question, and Pierce and Scarborough are his designees. Further, the amended complaint explicitly links Kemp and Savage to the violation. Am. Compl. 1–2, D.I. 9.

In contrast, the complaint discusses neither Klein nor Rispoli as playing a role in Brathwaite's time in the Unit. Thus, I will dismiss them from this suit without prejudice. Counsel may file an amended complaint with allegations that specifically connect Klein and Rispoli to the violation.

### III. It Is Too Soon to Dismiss the Pre-2008 Allegations

I will not dismiss any claims as time-barred. Section 1983 does not provide its own statute of limitations, so federal courts borrow the forum state's most analogous limitations period. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Delaware, § 1983 claims are subject to the state's two-year limitation for personal-injury suits. *Johnson v. Cullen*, 925 F. Supp. 244, 247–48 (D. Del. 1996); *see* 10 Del. C. § 8119. The claim accrues "when the plaintiff knew or should have known of the injury upon which the action is based." *Sameric Corp.*

5

*of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). The defendants argue that Brathwaite knew of his injury when he was first taken to the Unit without review in 2004. D.I. 227, at 7. So they claim that the alleged violations from that point until August 2, 2008 (two years before the complaint was filed) must be dismissed. Brathwaite responds that all his claims are timely under the continuing-violation doctrine because he was repeatedly denied classification hearings.

The continuing-violation doctrine does not apply to this type of claim. But that does not mean dismissal is appropriate now. A statute-of-limitations defense can be raised in a 12(b)(6) motion only if the bar is "apparent on the face of the complaint." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002)) (internal quotation marks omitted). Brathwaite's complaint does not reveal when exactly his claim accrued, so it is too early to dismiss any of the allegations.

### A. The continuing-violation doctrine does not apply

The continuing-violation doctrine is an "equitable exception to the timely filing requirement." *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001) (quoting *West v. Phila. Elec. Co.*, 45 F.3d 744, 754 (3d Cir. 1995)). When challenged conduct is part of a continuing practice and the last part of the violation occurred within the limitations period, the court will grant relief for earlier acts that would otherwise be time-barred. *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991). The doctrine is often applied in the context of hostile-work-environment claims, where individual acts of harassment are part of an ongoing pattern but are not necessarily actionable on their own. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115–18 (2002);

6

*Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165–66 (3d Cir. 2013). But a plaintiff must timely file claims based on *discrete* acts, even when they comprise a "serial violation." *Morgan*, 536 U.S. at 114.

Brathwaite alleges serial violations, not a continuing practice. If he was deprived of a liberty interest at some point during his confinement, each later failure to provide an annual hearing and monthly review was a discrete due-process violation. So a discrete claim arose every time he did not receive a review. *Gonzales v. Hasty*, 802 F.3d 212, 223–24 (2d Cir. 2015). Unlike a single instance of harassment in the workplace, each hearing denial is actionable, and the plaintiff has a duty to assert his rights within the limitations period. Thus, the continuing-violation doctrine does not save Brathwaite from the statute-of-limitations defense. *But cf. Johnston v. Wetzel*, 431 F. Supp. 3d 666, 675–76 (W.D. Pa. 2019) (finding that a prisoner's years-long solitary confinement without adequate review was a continuing violation); *Shoatz v. Wetzel*, No. 2:13-cv-0657, 2016 WL 595337, at *3 (W.D. Pa. Feb. 12, 2016) (same).

**B. The pleadings do not reveal when the claim accrued**

Nevertheless, I will not dismiss any claims now, for I cannot determine from the face of the pleadings when Brathwaite knew or should have known of his injury or if the limitations period should be tolled.

Not every administrative or disciplinary confinement requires process. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995). Prison conditions do so only if they impose an "atypical and significant hardship" on the inmate "in relation to the ordinary incidents of prison life." *Id.* at 484.

7

Brathwaite did not necessarily know when he was first placed in the Unit how restrictive the conditions would be or for how long he would be segregated. In the initial period of his confinement, he might have believed review was forthcoming, as he completed the required programs to lower his points. To be sure, he wrote numerous letters to prison officials questioning why he remained in the Unit. Compl. 9, D.I. 2. But the pleadings do not reveal when he started writing these letters. Because the complaint does not show when he was aware or should have been aware of his injury, I cannot yet decide when the limitations clock began running.

In addition, his complaint states that he filed grievances that were all "deemed to be non-grievable." Compl. 9, D.I. 2. The statute of limitations must be tolled while a prisoner pursues mandated administrative remedies. *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015). At this stage, I do not know if or when he properly exhausted these remedies. So I cannot yet decide if and for how long to toll the statute of limitations. Dismissal would thus be improper. *Wisniewski v. Fisher*, 857 F.3d 152, 157–58 (3d Cir. 2017).

This information should all come out in discovery. Then, I will be able to compare the conditions in the Unit to ordinary prison life. Brathwaite was entitled to hearings once he suffered an "atypical and significant hardship." And if he was aware of his injury when he was allegedly denied those hearings, he had to sue within two years of each denial (subject to tolling).

Ultimately, Brathwaite will not be able to collect damages for violations that are time-barred. But I must consider the events from the whole period of confinement to determine

8

9

when he was deprived of a liberty interest, when he became aware of his injury, and whether to toll the limitations period.

\* \* \* \* \*

Brathwaite did not allege that Klein or Rispoli made any decisions related to his time in the Unit. So I will dismiss them from this suit without prejudice. But it is too early to conclude that the pre-2008 claims are time-barred. I will deny the remaining defendants' motion to dismiss.