# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN C. BRATHWAITE,<br><br>    Plaintiff,<br><br> v.<br><br>WARDEN PERRY PHELPS, ET AL.,<br><br>    Defendants. | C.A. No. 1:10-cv-00646-SB |

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Dated: June 28, 2022

    DEVLIN LAW FIRM LLC
    Timothy Devlin (No. 4241)
    James M. Lennon (No. 4570)
    1526 Gilpin Avenue
    Wilmington, Delaware 19806
    Telephone: (302) 449-9010
    Facsimile: (302) 353-4251
    tdevlin@devlinlawfirm.com
    jlennon@devlinlawfirm.com

    *Attorney for Plaintiff Kevin C. Brathwaite*

## TABLE OF CONTENTS

Table of Authorities ................................................................................................................. ii
I.   Introduction ...................................................................................................................... 1
II.  ARGUMENT .................................................................................................................... 1
   A.   Defendants Are Liable for Denying Plaintiff's Civil Rights............................................ 1
   B.   Qualified Immunity is Inapplicable................................................................................. 3
III. CONCLUSION................................................................................................................. 6

## TABLE OF AUTHORITIES

**Cases**

*Carter v. Georgevich*,
  78 F. Supp. 2d 332 (D. N.J. 2000) ................................................................................. 2

*Finch v. City of Vernon*,
  877 F.2d. 1497 (11th Cir. 1989) .................................................................................... 2

*Harper v. Albert*,
  400 F.3d 1052 (7th Cir. 2005) ...................................................................................... 2

*Jackson v. City of Pittsburg*,
  518 F. App'x 518 (9th Cir. 2013) .................................................................................. 2

*Johnston v. Wetzel*,
  431 F. Supp. 3d 666 (W.D. Pa. 2019) ........................................................................... 3

*Koster v. Perales*,
  903 F.2d 131 (2d Cir. 1990) .......................................................................................... 2

*Lugar v. Edmondson Oil Co., Inc.*,
  39 F.2d 1058 (4th Cir. 1981), *aff'd in part,*
  *rev'd in part on other grounds*, 457 U.S. 922 (1982) ................................................... 2

*Northington v. Marin,*
  102 F.3d 1564 (10th Cir. 1996) ..................................................................................... 2

*Pearson v. Callahan,*
  555 U.S. 223 (2009) ...................................................................................................... 6

*Sandin v. Conner*,
  515 U.S. 472 (1996) ............................................................................................... 4, 5, 7

*Shoats v. Horn*,
  213 F.3d 140 (3d. Cir. 2000) ................................................................................. 4, 5, 6

*Szubielski v. Pierce*,
  2020 U.S. Dist. LEXIS 158258
  (D. Del. Sept. 1, 2020) ......................................................................................... 4, 5, 6, 7

*Thomas v. Bird*,
  2017 U.S. Dist. LEXIS 48018 at *3 (D. N.J. 2017) .................................................. 1, 2

*Williams v. Sec'y Pa. Dep't of Corr.*,
  848 F.3d 549 (3d. Cir. 2017) ................................................................................. 4, 5, 6

**Statutes**

42 U.S. Code § 1983 ........................................................................................................ 1, 2

**I.      INTRODUCTION**

Defendants' arguments in response to Plaintiff's motion for summary judgment are readily addressed and serve to distract from the unlawful acts openly admitted by Defendants in their deposition testimony and apparent in the record. That individual Defendants appeared and held sway over Plaintiff's incarceration in the Secure Housing Unit ("SHU") at varying times is of limited relevance at this phase of litigation. The singular, uninterrupted nature of Plaintiff's harm—being held in the SHU for nearly seven years—coupled with Defendants' concurring actions to contribute to that harm demand the application of joint and several liability.

Contrary to Defendants' assertions, no Defendant is entitled to qualified immunity. As discussed in detail below, Mr. Brathwaite has demonstrated as a matter of law clear entitlement to a right at the time of the harm because the harm itself was an atypical and constituted significant hardship. Specifically, the duration and conditions of his time in the SHU strongly resemble Third Circuit precedent, which were found to be atypical and significant hardships. Indeed, even Defendants' lead case supports Plaintiff's position. Without more, Defendants cannot prevail. This Court should accordingly grant Plaintiff's Motion.

**II.     ARGUMENT**

**A.      Defendants Are Liable for Denying Plaintiff's Civil Rights**

That each defendant engaged in violating Plaintiff's due process rights at different times is of limited import. While the Third Circuit has not yet ruled on the matter, a majority of courts—including district courts within the Third Circuit—have applied the doctrine of joint and several liability and indivisible injury to § 1983 claims. *Thomas v. Bird*, 2017 U.S. Dist. LEXIS 48018 at *3 (D. N.J. 2017); *Carter v. Georgevich*, 78 F. Supp. 2d 332, 335-36 (D. N.J. 2000); *see Jackson v. City of Pittsburg*, 518 F. App'x 518, 520-21 (9th Cir. 2013); *Northington v. Marin,* 102 F.3d 1564, 1569 (10th Cir. 1996); *Koster v. Perales*, 903 F.2d 131, 139 (2d Cir.

1

1990); *Finch v. City of Vernon*, 877 F.2d. 1497, 1503 (11th Cir. 1989); *Lugar v. Edmondson Oil Co., Inc.*, 39 F.2d 1058, 1065 n. 14 (4th Cir. 1981), *aff'd in part, rev'd in part on other grounds*, 457 U.S. 922 (1982) (holding that a plaintiff bringing a § 1983 claim may establish joint and several liability for indivisible injury against all defendants whose conduct can be shown to have contributed to causing the ultimate injury.) "Joint and several liability is a theory of recovery which requires that the plaintiffs, in an action alleging tortious or constitutionally repugnant conduct by multiple actors, establish that each defendant has acted in concert to 'produce a single, indivisible injury." *Thomas* at *3 (quoting *Harper v. Albert*, 400 F.3d 1052, 1061-62 (7th Cir. 2005)).

Defendants Scarborough, Pierce and Phelps oversaw the policies (namely, the "remain in SHU" list) that kept Plaintiff in the SHU and led to Plaintiff not being present for the hearings he was entitled to by right. (SUF at 30.) They did so despite knowing that this was unusual and "not a good correctional practice." (*See* D.I. 273-14 at 78:7-10.) Defendants Savage and Kemp implemented this policy; Plaintiff was not present for any of his hearings and was merely told that he was on the remain in SHU list, which condemned Plaintiff to remain in the SHU without any further explanation or recourse. (SUF at 12, 18, 25, 29.) These actions concurred in causing the harm to Plaintiff.

Moreover, the harm to Plaintiff was indivisible, as is suggested by cases such as *Johnston v. Wetzel*, which hold that allegations of continued solitary confinement without any meaningful means to challenge that confinement constitute a continuing, single injury. *Johnston v. Wetzel*, 431 F. Supp. 3d 666, 675-76 (W.D. Pa. 2019). For these, and additional reasons set forth in the related Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment in sections IV(A)-(B)(2), the appropriate application of joint and several liability addresses Defendants'

assertions regarding the timing of Defendants. Ultimately, such arguments go to matters of damages, which are not presently before the Court.

### B.     Qualified Immunity is Inapplicable

The duration and conditions of Plaintiff's confinement establish his liberty interest. Plaintiff was held in the SHU for over 6 years. (SUF at 1; *see also* D.I. 278-1 at 1.) As discussed in Plaintiff's opening brief, such a length of time qualifies as an atypical and significant hardship under the relevant caselaw—an argument Defendants do not dispute. (*See* D.I. 272 at 4-5; D.I. 278 at 16-17.)

Rather, Defendants assert that, should the court (improperly) cut-down the length of Plaintiff's confinement for analytical purposes to 3-years, 9-months and 16-days (approximately 1,386 days), that suddenly Plaintiff's time in the SHU becomes analogous to those of cases ***outside the Third Circuit.*** Such authority is not controlling; the cases cited by Plaintiff are.

The authority in this jurisdiction weighs in favor of even Defendants' suggested reduction of Plaintiff's length of confinement constituting an atypical and significant hardship. The court in *Shoats* found eight years of solitary confinement an atypical and significant hardship, whereas the court in *Williams* found a six-year confinement qualified. *Williams v. Sec'y Pa. Dep't of Corr.*, 848 F.3d 549, 561 (3d. Cir. 2017); *Shoats v. Horn*, 213 F.3d 140, 144 (3d. Cir. 2000). The one Delaware District Court case on which Defendants rely, *Szubielski*, holds that a "one-year [period] was closer in kind to the multi-year periods in *Wilkinson, Williams,* and *Shoats* than it was to the 30-day period in *Sandin*." *See Szubielski v. Pierce*, 2020 U.S. Dist. LEXIS 158258 at *11 (D. Del. Sept. 1, 2020). Thus, even Defendants' own relevant caselaw from this jurisdiction is persuasive authority that the length of Plaintiff's confinement constitutes atypical and significant hardship. Moreover, Plaintiff's length of confinement, even by Defendants'

3

calculation of three years, is triple the confinement period of the defendant in *Szubielski*. *Id.* at *11.

Defendants' reliance on *Szubielski* to prove that the conditions of Plaintiff's confinement did not rise to a level to breach qualified immunity, however, is misplaced. Indeed, Defendants' statements regarding the holdings in *Szubielski* is only half-correct. In fact, the court held in dicta that there was a genuine issue of material fact over whether the inmate's confinement implicated a constitutional liberty interest given the conditions of his confinement:

> ***With that guidance in mind, I conclude there is a genuine factual dispute over whether Szubielski's confinement implicated a constitutional liberty interest.*** Although that right was not clearly established at the time of Pierce's veto, the one year that Szubielski allegedly spent in solitary confinement was closer in kind to the multi-year periods in *Wilkinson, Williams*, and *Shoats* than it was to the 30-day period in *Sandin*. Like the plaintiffs in *Wilkinson, Williams*, and *Shoats*, Szubielski was confined to his cell twenty-three or twenty-four hours per day, and he ate meals by himself, instead of in a common eating area. *See Shoats*, 213 F.3d at 144 (the plaintiff was "confined in his cell for 23 hours a day, five days a week, and 24 hours a day, two days a week . . . He eats meals by himself."); *see also Wilkinson*, 545 U.S. at 214 ("[i]nmates must remain in their cells" and "[a]ll meals are taken alone in the inmate's cell instead of in a common eating area."); *see also Williams*, 848 F.3d at 554-55 (the plaintiff "remained confined to his cell for almost twenty-two hours a day" and "[e]ven [his] meals were provided in the isolation of his cell.").
>
> In *Williams*, the Third Circuit acknowledged that "the abundance of medical and psychological literature . . . firmly established . . . the dehumanizing effect of solitary confinement." 848 F.3d 549, 567 (3d Cir. 2017). "Anxiety and panic are common side effects. Depression, post-traumatic stress disorder, psychosis, hallucinations, paranoia, claustrophobia, and suicidal ideation are also frequent results . . . [I]n the absence of interaction with others, an individual's very identity is at risk of disintegration." *Id.* at 566. Research found that "psychological stressors such as isolation can be as clinically distressing as physical torture." *Id.* at 574. ***I conclude therefore that there is a genuine dispute over whether the year Szubielski spent in solitary confinement as a result of Warden Pierce's action was an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."*** *Sandin*, 515 U.S. at 484.[1]

---

[1] Unless otherwise noted, all emphasis in this brief is added.

4

*Szubielski* at *12-13.[2]  While the court did find that the conditions of Szubielski's confinement did not reach the extreme harshness of conditions in *Wilkinson*, this was only one portion of its rationale, finding also that Szubielski had spent only one year under those conditions as a matter of law.  *Id.* at *9-10.

Furthermore, Defendants' assertions that the conditions experienced by Plaintiff were in any way superior to those of the inmate in *Szubielski* are inaccurate; such details are not discussed in *Szubielski*.  The inmate's quality-of-life levels *vis.* visitation rights, phone calls, and personal property, are never discussed in that opinion.  *Szubielski* at *8-9.  In fact, the only testimony referenced by the court regarding the *Szubielski* conditions was given by current Defendant Pierce, who testified that "Szubielski was actually housed in some double-bunk units during this period and that he **had greater freedom at times than the inmates in the most restrictive units**."  *Id.* at *8-9.  Defendants can point to no such similar testimony in this matter.  In fact, the inmate in *Szubielski* had an identical amount of daily confinement hours as Plaintiff.  *Szubielski* at *8-9.

Qualified immunity will not pass muster as a defense to Plaintiff's claims if the facts shows a violation of a constitutional right that was clearly established at the time of the alleged misconduct.  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  Plaintiff can establish this if he can show that his confinement in the SHU by Defendants imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1996); *see Szubielski* at 10-11 (finding that the defendant was entitled to

---

[2] Defendants assert in a footnote that the *Williams* case, relied on by the court in *Szubielski* to come to this conclusion cannot be used because it was decided in 2017, and thus does not indicate a clearly established right at the time of any alleged misconduct in this matter.  (D.I. 278 at fn. 3.)  Yet, the court's conclusion is **not** supported by *Williams* alone.  The court specifically relies upon the conditions in *Shoats* as well as in *Wilkinson* to indicate that Szubielski's confinement was of conditions that create an atypical and significant hardship.  *Szubielski* at *12-13.

5

qualified immunity on the due process claim because the plaintiff had not demonstrated that the amount of time spent confined in the SHU was atypical and significant)).

Defendants' arguments regarding Plaintiff's alleged lack of established liberty interest are unavailing. Defendants' cited cases from this jurisdiction support Plaintiff's arguments regarding the significance and atypicality of his harm; Defendants' arguments do not overcome Plaintiff's demonstration of the violation of a clearly established constitutional right. Plaintiff has demonstrated that by Defendants' actions, Plaintiff was confined for a period of over six years. (*See* D.I. 272 at 4-5; D.I. 278 at 16-17.) Plaintiff was placed on the "remain in SHU list," amounting to an indefinite detention as evinced by Defendant Kemp's own testimony. (D.I. 275-9 at 37:25-38:14, 40:2-20, 45:13-19, 50:15-51:24.) Defendant Phelps himself admitted that such actions taken by Defendants are "not a good correctional practice" and unusual. (D.I. 275-14 at 78:7-10.) Relevant caselaw from this jurisdiction, including cases cited by Defendants, indicate that Plaintiff's confinement was atypical and significant. *See Szubielski* at *11. In light of this showing and without more, qualified immunity will not avail Defendants.

### III. CONCLUSION

Plaintiff respectfully requests that the Court grant Plaintiff's Motion.

Dated: June 28, 2022

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin (No. 4241)
James Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
tdevlin@devlinlawfirm.com
jlennon@devlinlawfirm.com

*Attorneys for Plaintiff Kevin Brathwaite*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Timothy Devlin*
Timothy Devlin
